IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RENEE CHRUSTOWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>CUMBERLAND COUNTY GUIDANCE CENTER, *et al.*,<br><br>    Defendants. | Case No. 23-cv-3112 (RMB/SAK) |
| RENEE CHRUSTOWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>NAACP, *et al.*,<br><br>    Defendants. | Case No. 23-cv-3692 (RMB/SAK) |

## MEMORANDUM & ORDER

These matters are before the Court upon various pending motions filed by *pro se* Plaintiff Renee Chrustowski ("**Plaintiff**"). [Case No. 23-cv-3112, Docket Nos. 15, 17; Case No. 23-cv-3692, Docket Nos. 7, 9.] For the reasons expressed below, these motions will be **DENIED**.

In Case No. 23-cv-3112, Plaintiff seeks to relitigate a 2006 case against Defendant Cumberland County Guidance Center (i.e., Case No. 06-cv-4847). She urges the Court to reopen the 2006 matter and seeks an Order "granting [Plaintiff]

$400,000,000 in monetary relief for damages caused by defendants." [Mot. at 3, Case No. 23-cv-3112, Docket No. 15; *see also* Aug. 9, 2023, Ltr. from Pl., Case No. 06-cv-0487, Docket No. 17 (asking Court to reopen matter).[1]] In a later submission, Plaintiff moves the Court for similar relief, though she now asks for $100,000,000. [Mot. at 3, Case No. 23-cv-3112, Docket No. 17.]

These motions must be denied. Plaintiff has not paid the filing fee in Case No. 23-cv-3112, nor has the Court granted Plaintiff permission to proceed *in forma pauperis*, for the reasons explained on June 21, 2023, [Docket No. 5], July 26, 2023, [Docket No. 9], and August 15, 2023, [Docket No. 11], and affirmed by the Third Circuit on December 12, 2023, [Docket No. 18]. As Case No. 23-cv-3112 is not a live action, Plaintiff's motions may be denied accordingly. *See Lindsey v. Roman*, 408 F. App'x 530, 532 (3d Cir. 2010) (explaining that district court does not abuse its discretion denying motion for reconsideration and dismissing case based on failure of plaintiff to pay filing fee or file completed IFP application that is subsequently approved); *see also Rizvi v. Md. Dep't of Soc. Servs.*, 791 F. App'x 288, 289–90 (3d Cir. 2019) (affirming district court order dismissing complaint without prejudice for failure to prosecute where plaintiff's IFP application was denied and plaintiff did not timely pay filing fee).

In Case No. 23-cv-3692, Plaintiff moves the Court for an Order "seeking $100,000,000 in relief for harm & damages, defamation, and harassment caused by the

---

[1] The Court long-ago remanded this matter to New Jersey Superior Court, and it has no cause to revisit its decision here. See *Chrustowski v. Cumberland Cnty. Guidance Ctr.*, Case No. 06-cv-04847-RMB-AMD, 2006 WL 3780555 (D.N.J. Dec. 20, 2006).

[NAACP]." [Mot. at 2, Case No. 23-cv-3692, Docket No. 7.] In a later submission, Plaintiff clarifies that she is seeking $1,400,000 in relief. [*See* Mot. at 1, Case No. 23-cv-3692, Docket No. 9.] These motions, too, must be denied. Plaintiff has not cited to any authority in support of her motions, and the Court cannot identify a legitimate basis to grant them.

They are premature in any case. Though Plaintiff has paid the filing fee in this action, it does not appear that she has served Defendants with the Complaint [Docket No. 1] and Summons [Docket No. 5] in accordance with Federal Rule of Civil Procedure 4.[2] A plaintiff's failure to serve a defendant within the time allowed by Rule 4(m) is grounds for dismissal, absent a showing of good cause. *See, e.g.*, *Tagoe v. USCIS Dist. Director*, 2023 WL 5277874, at *1 (D.N.J. Aug. 16, 2023) (noting that a plaintiff has 90 days after the complaint is filed to serve the defendant before the court will dismiss the action without prejudice, absent a good-cause extension); *see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (explaining that "good cause" is tantamount to "excusable neglect" and requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules") (citation omitted). When a plaintiff proceeds IFP, she is generally entitled to rely on the United States Marshals Service to achieve service of process pursuant to a court order. *E.g.*, *Gibbs v. Coupe*,

---

[2] Plaintiff has repeatedly moved for an appointment of *pro bono* counsel, [Docket Nos. 6, 8, 15], but her request has been repeatedly denied, [Docket Nos. 12, 16].

3

316 F.R.D. 84, 86–87 (D. Del. 2016). Here, however, Plaintiff is not proceeding IFP.[3] She paid the filing fee on September 5, 2023, and the Complaint was deemed filed. [*See generally* Docket.] Therefore, the Court shall provide Plaintiff with another thirty (30) days to serve the Complaint and Summons, or this action shall be dismissed without prejudice under Rule 4(m). The Court does not decide at this time whether Plaintiff's Complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2);[4] however, it expressly reserves the right to revisit this issue later. Accordingly,

**IT IS**, on this **26th** day of **March 2024**, hereby:

1. **ORDERED** that Plaintiff's Motions in Case No. 23-cv-3112 [Docket Nos. 15, 17] are **DENIED**; and it is further

---

[3] This is in contrast with Plaintiff's other matters before the Court, [*see, e.g.*, Case Nos. 23-cv-22010, 23-cv-21194, 23-cv-21195], which are the subject of a separate Memorandum and Order issued on today's date.

[4] The statute provides, in pertinent part, that:

*Notwithstanding any filing fee*, . . . , that may have been paid, the court shall dismiss the case at any time if the court determines that—
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). As the Third Circuit has held, a court has the authority under § 1915(e)(2) to dismiss a case "at any time," meaning that "a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 659–60 (3d Cir. 2019).

2.     **ORDERED** that Plaintiff's Motions in Case No. 23-cv-3692 [Docket Nos. 7, 9] are **DENIED**; and it is further

3.     **ORDERED** that Plaintiff shall serve the Complaint and Summons in Case No. 23-cv-3692 within **thirty (30) days** of the date of hereof or this action shall be dismissed without prejudice for failure to serve and/or prosecute; and it is finally

4.     **ORDERED** that the Clerk of the Court shall **MAIL** a copy of this Memorandum and Order to Plaintiff's address via regular mail and shall **NOTE** on the docket of each of the above-captioned cases the date upon which it is mailed accordingly.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
Chief United States District Judge